UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:  Case No. 1:22-mj- 248
A USPS Mail Parcel now in the Custody of the  Magistrate Judge Christopher Steger
USPIS

## AFFIDAVIT

I, Lauren Moon, being duly sworn, hereby depose and say:

1. I am a Task Force Officer with the United States Postal Inspection Service. I am further employed as a Special Agent with the Tennessee Bureau of Investigation and currently assigned to the Drug Investigation Division for the Eastern District of Tennessee. I have been employed in that capacity since August of 2019. Currently, I am responsible for investigating crimes involving the United States Postal Service ("USPS"), specifically those involving the use of the United States Postal Service to facilitate the transport of illegal narcotics.

2. I am a Law Enforcement Officer under the authority of Title 18, United States Code, Section 3061. As such, I am authorized to make arrests with or without warrants for offenses made in my presence or when I have reasonable grounds to believe the person has committed or is committing a felony against the United States. I am also authorized under this statute to carry firearms and make seizures of property as provided by law.

3. From my training and experience, I know that the United States Postal Service is frequently used to transport illegal narcotics to areas throughout the United States. I am also aware that the United States Postal Service is used to send the proceeds relating to narcotics distribution back to the narcotics source of supply. I also know that the reason drug traffickers use the United States Mail to ship controlled substances and their proceeds is because of the speed and protection afforded the United States Mail.

Page 1 of 6

4. Title 21, United States Code, Section 841 makes it an offense for any person to manufacture, distribute, or possess with intent to manufacture or distribute, a controlled substance. Title 21, United States Code, Section 843(b) makes it an offense for any person knowingly or intentionally to use any communication facility in committing or in causing to facilitate the commission of any act or acts constituting a felony under any provisions of Subchapter I or Subchapter II of the Drug Abuse Prevention and Control Act. Title 21, United States Code, Section 846 makes it an offense to conspire to commit an offense set out in Title 21. Under Title 18 United States Code, Section 1342 makes it illegal to receive mail matter or parcels addressed to fictitious names while carrying on unlawful business.

5. To combat the distribution of illegal narcotics and their proceeds, certain investigative techniques are utilized by Postal Inspectors. What follows is not meant to set forth all exhaustive investigative knowledge of this case or investigative techniques used, but only those facts necessary in order to establish probable cause.

## RELEVANT FACTS

6. On October 3, 2022, I identified the following inbound parcel as suspicious:

| From: | To: |
|---|---|
| FITNESS TO GO | Chris Barton |
| NAME ACE YOUNG | 6429 Rockview Lane |
| 8422 Saintwood Circle | Hixson, TN 37343 |
| Westminster, CA 92683 | |

7. The reasons I believe the above parcel (which is identified in Attachment A to this affidavit) contains illegal narcotics, or the proceeds obtained from the sale of illegal narcotics include, but are not limited to the following factors:

8. The target parcel was shipped from a known "Source City" (Westminster) within a known "Source State" (California), that is, a location that tends to supply a large amount of illegal narcotics to the Eastern District of Tennessee.

9. Using databases available to this agent, queries were conducted on the recipient address of 6429 Rockview Lane Hixson, TN 37343 and its associates. This agent was unable to associate the recipient's name on the target parcel identified by USPS Tracking Number 9405 5111 0803 6442 4640 38. In July of 2022, this address was also the recipient of another USPS parcel with the same listed sender which was identified by USPS Parcel 9405 5111 0803 6483 2029 27. On that parcel, the listed recipient was "K Wright". This agent was also unable to associate that name with any current or past residents.

10. Using databases available to this agent, queries were conducted on the sender address of 8422 Satinwood Circle Westminster, CA 92683. This address is residential in nature, and there were no known businesses currently associated with it that could be identified through conducted queries. Thus, this agent was unable to identify any business of "Fitness To Go" or the name of "Ace Young" as being associated with this address. This agent additionally conducted a separate query of "Fitness To Go" in Westminster, CA and was unable to verify it was an active business.

11. Based on this agent's training and experience, this agent is familiar with the tactics and habits utilized by those subjects involved in the trafficking of illegal drugs and their proceeds. This agent knows it is common for senders and/or recipients to utilize fictitious names and/or business names on the shipping label to hinder law enforcement from identifying those subjects involved in the trafficking of illegal narcotics and/or their proceeds. This agent also knows of it to

be common for senders to list fictitious return addresses which also hinders law enforcement from identifying shippers and/or the point of origin of said drugs and/or proceeds.

12. On October 3, 2022, I met with K-9 Drug Detector Dog Unit Officer Rich Thomas and his K-9 "Marci." K-9 Marci conducted exterior examinations of the above parcel along with three (3) other parcels of similar size and appearance. I was present when the parcels were presented to K-9 Marci by her handler, Officer Thomas. Officer Thomas informed me that K-9 Marci demonstrated a positive alert and indication on the parcel bearing the above address (i.e., the parcel that is the object of the applied-for warrant).

13. I have been advised of the qualifications of the K-9 handler and his narcotics detector canine. K-9 Marci is trained to detect the odor of illegal narcotics including but not limited to marijuana, cocaine, heroin, and methamphetamine. K-9 Marci and Officer Thomas have met standards set forth by the United States Police Canine Association and are certified as a K9 unit by the Tennessee Highway Patrol. For approximately six years, K-9 Marci and Officer Thomas have completed bi-monthly training sessions, including K-9 drug detection techniques, handling and handler-dog communication. Additionally, K-9 Marci and Officer Thomas engage in a minimum of at least 16 hours per month of training in drug detection techniques, handling, and handler-dog communication. K-9 Marci has been in service for approximately five years, during which time, she has proven reliable in detecting narcotics odor, including the odor of marijuana, cocaine, heroin, and methamphetamine.

14. Based on my training and experience, I know it is also common for those subjects involved in the trafficking of illegal narcotics and their proceeds to often handle currency while also smoking/utilizing various illegal drugs and/or handling various illegal drugs. Currency is also

commonly utilized to help package/conceal illegal drugs further indicating why drug odors commonly transfer to currency.

15. Based on the facts set forth in this affidavit, I believe there is probable cause to believe that the above-mentioned parcel contains controlled substances, currency, paraphernalia, or other evidence that relates to trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the U.S. Mails, to facilitate the distribution of a controlled substance).

16. The subject parcel has been maintained unopened in my custody pending application for a search warrant.

17. Because this application and affidavit relate to an ongoing investigation that is currently covert, immediate notification of execution of this warrant is likely to seriously jeopardize that ongoing investigation. As discussed above, it is not readily clear that the return address on this parcel accurately identifies its sender such that the individual or entity is amenable to notification. Regardless, disclosure of this search warrant at this stage would present targets an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. Accordingly, your affiant requests delayed notification for a period of 30 days, up to and including November 3, 2022.

{SIGNATURES ON NEXT PAGE}

FURTHER AFFIANT SAYETH NAUGHT.

_____
Lauren Moon
Task Force Officer
United States Postal Inspection Service

Subscribed and sworn to before me this 3rd day of October, 2022.

_____
Hon. Christopher Steger,
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:       Case No. 1:22-mj- 248
A USPS Mail Parcel now in the Custody of the    Magistrate Judge Christopher Steger
USPIS

## ATTACHMENT A

DESCRIPTION OF THE PROPERTY TO BE SEARCHED

USPS MAIL PARCEL IDENTIFIED BY TRACKING NUMBER

9405 5111 0803 6442 4640 38

ADDRESSED TO:

Chris Barton
6429 Rockview Lane
Hixson, TN 37343



that is now in the custody of the United States Postal Inspection Service in the Eastern District of Tennessee.

Page 1 of 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IN THE MATTER OF THE SEARCH OF:  Case No. 1:22-mj-248
A USPS Mail Parcel now in the Custody of the  Magistrate Judge Christopher Steger
USPIS

## ATTACHMENT B

### LIST OF ITEMS AUTHORIZED TO BE SEARCHED FOR AND SEIZED PURSUANT TO SEARCH WARRANT

1. One US Mail Parcel described above.

2. Books, photographs, records, receipts, notes, ledgers and other papers which show the transportation, ordering, purchase, distribution, possession, sale or manufacture of controlled substances;

3. Address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers, written or typed by hand as opposed to printed commercially;

4. Letters, records, computerized and electronic records, receipts, bank statements and records, money drafts, letters of credit, wire transfers, safe deposit box keys, money order and cashier's check receipts, passbooks, bank checks, and other items that reflect the expenditure, obtaining, secreting, transfer or concealment of drug proceeds;

5. United States currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, notes and other documents showing an accumulation of assets, wealth, or money to the extent that these items are found in such quantity, substance and/or quality as to permit a reasonable inference that such items are proceeds of drug trafficking;

6. Controlled substances, material and paraphernalia for manufacturing, packaging, cutting, weighing, and distributing controlled substances, but not limited to scales, baggies, and

packing material;

7. Indicia of occupancy, residency, and/or ownership of the premises described above and other real property, including but not limited to deeds, utility and telephone bills, canceled envelopes, and keys;

8. Papers, tickets, notes schedules, receipts and other documents relating to travel to and from drug source areas and drug distribution areas;

9. Any and all other material evidence of violations of 21 U.S.C. §§ 841, 843, and 846, which include attempt and possession with intent to distribute and distribution of controlled substances and importation of a controlled substance from a foreign country.